or defective plans prepared by the owner's architect. On this point, Professor Williston wrote:

> "If the owner through his architect or engineer can be regarded as having superior expert knowledge, and on the basis of such knowledge to represent to the builder the feasibility of carrying out the plans, the owner must be held responsible for the consequences of any defects in them." (6 Williston on Contracts § 1966, at 5516-17 (rev. ed. 1938).)

The agreement between the contractor and the owner provided that the contractor was to perform the specified work using the plans prepared by the owner's architect, and was to secure the necessary building permits. The plans were incomplete and therefore defective. The delay in the issuance of the necessary permits was the direct consequences of the defective plans, so it necessarily follows that the owner is liable to the contractor for the delay. (See *Mason Tire & Rubber Co. v. Cummins-Blair Co.* (1927), 116 Ohio St. 554, 157 N.E. 367.) We find no error in the trial court's ruling on this count of plaintiff's complaint.

We briefly note defendant's allegation that the court's ruling on the delay question has no support in the pleadings, and conclude that this allegation is without merit. Accordingly, we affirm the judgment of the circuit court in favor of plaintiff and against defendant, from which defendant appealed.

The judgments of the circuit court of Cook County are affirmed.

Judgments affirmed.

McNAMARA and MEJDA, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN CHATMAN, Defendant-Appellant.

(No. 59567;

First District (3rd Division)—January 23, 1975.

PER CURIAM.

Paul Bradley and James R. Streicker, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Thomas D. Rafter, and Richard H. Robinson, Assistant State's Attorneys, of counsel), for the People.

MARY M. MRZLAK, Plaintiff-Appellee, v. ROBERT E. ETTINGER et al., d/b/a DEARBORN CLUB RESIDENCE FOR GIRLS, Defendants-Appellants.

(No. 58909;

First District (3rd Division)—January 23, 1975.